## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

FRANCIS FERRELL,

              Plaintiff,        CIVIL NO.: _____

v.

                                             **COMPLAINT**
ER SOLUTIONS, INC.,          **JURY TRIAL DEMANDED**

              Defendant.

_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Francis Ferrell (hereinafter "Plaintiff"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

CASE 0:11-cv-00910-ADM-AJB   Doc. 1   Filed 04/13/11   Page 2 of 6

5. Defendant ER Solutions, Inc. (hereinafter "Defendant"), is a collection agency operating from an address of 800 SW 39th Street, P.O. Box 9004, Renton, WA 98057 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to August 2010, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

8. On August 20, 2010 at 2:20 p.m., Defendant contacted Plaintiff by telephone. Defendant failed to reference the name of the Defendant on Plaintiff's caller ID. The screen of Plaintiff's Caller ID displayed 1-877-371-6618 as the incoming number with no additional information referenced.

9. On August 20, 2010 at 2:25 p.m., Defendant contacted Plaintiff by telephone a second time. Plaintiff answered the telephone because he did not recognize the telephone number displayed on Plaintiff's Caller ID and only after speaking with Defendant, Plaintiff realized that it was in fact Defendant calling Plaintiff in an attempt to collect a debt.

2

10. Defendant continued contacting Plaintiff by telephone on numerous occasions, each time failing to reference any information besides Defendant's telephone number, 1-877-371-6618, on Plaintiff's Caller ID.

11. Plaintiff received telephone calls from Defendant on August 23, 2010 at 1:55 p.m., September 3, 2010 at 12:55 p.m. and September 8, 2010 at 9:40 a.m.

12. Plaintiff also received telephone calls from Defendant in October of 2010, November of 2010 and December of 2010.

13. The conduct of Defendant in placing telephone calls without meaningfully disclosing its identity, failing to communicate on the Caller ID the name of the Defendant is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(11) and 1692f amongst others.

## Respondeat Superior Liability

14. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

15. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

16. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

17. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA, in its attempts to collect this debt from Plaintiff.

*Summary*

18. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

19. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

20. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

**TRIAL BY JURY**

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

24. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

26. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and

27. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

                              MARTINEAU, GONKO & VAVRECK, PLLC

Dated: April 13, 2011

                              s/ Mark L. Vavreck
                              Mark L. Vavreck, Esq.
                              Bar Number #0318619
                              Attorney for Plaintiff
                              Martineau, Gonko & Vavreck, PLLC
                              Designers Guild Building
                              401 North Third Street, Suite 600
                              Minneapolis, MN 55401
                              Telephone: (612) 659-9500
                              Facsimile: (612) 659-9220
                              mvavreck@mgvlawfirm.com